UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-43-REW-HAI-3 |
| v. | ) | |
| | ) | ORDER |
| JUSTIN WILBURN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 129 (Rearraignment Minute Entry), Magistrate Judge Ingram recommended that the undersigned accept Defendant Justin Wilburn's, guilty plea and adjudge him guilty of Count One of the Indictment. *See* DE 130 at 2 (Recommended Disposition); *see also* DE 127 at 1 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the Recommended Disposition to secure *de novo* review. *See* DE 130 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 130, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count One of the Indictment (DE 1);

2. The Court **CANCELS** the jury trial in this matter as to this defendant only; and

3. The Court **ORDERS** Wilburn to surrender himself to the custody of the United States Marshal by April 8, 2022 at 2 p.m. He shall be detained pending sentencing.[1]

4. The Court will issue a separate sentencing order.

This the 7th day of April, 2022.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] Upon concluding the hearing, Judge Ingram ordered Wilburn to remain temporarily on bond under the same release conditions previously imposed at his detention hearing. *See* DE 129 at 2 (Rearraignment Minute Entry); DE 58 (Order Setting Conditions of Release); *see also* DE 57 (Detention Hearing Minute Entry). However, now that Wilburn's present conviction has ripened, detention pending sentencing is mandatory under 18 U.S.C. § 3143(a)(2). Perceiving no exception, the Court directs Wilburn to report to the Marshal.